## SHIELDS *et al. v.* FIELD, superintendent.

FISH, C. J. The act to codify the school laws of this State (Acts 1919, p. 288) provides: "Sec. 92. Rearrangement of Districts. Whenever, in the opinion of the county board of education, the best interests of the schools demand, the board of education shall have the right to consolidate two or more districts or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district at any time, when in their judgment the best interests of the schools require such change, into one school district with the purpose of the election of the board of trustees and of the location of the school at some central place as hereinbefore provided; but should as many as one fourth of the patrons of the said school or schools object to the consolidation (provided that said one fourth of said patrons shall consist of at least ten), it shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty (30) days' notice of same by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notices at least at three or more public places in the district or districts to be affected thereby, at which election should a majority of the qualified voters vote for consolidation the schools shall be consolidated, otherwise not. The result of such election shall be determined and declared by the board of education, and the same shall be held as other elections are held." *Held:*

1. Before the county superintendent is authorized, or can be required, to call an election for the purposes designated in this section, as many as one fourth of the patrons of all the schools of the several districts to be affected (provided that one fourth of them shall consist of at least ten) by the proposed change of the districts must object to the rearrangement.

2. Accordingly, where the board of education of Whitfield County "passed an order consolidating a portion of Tucker's school district [in that county] with Beaverdale, a portion with Hopewell, and a portion with Mount Pleasant school districts of said county," and "all the patrons of said Tucker's school" filed with the county superintendent of schools their objections "to the consolidation of said Tucker's school district with the districts named," and requested the superintendent to call an election as provided for in section 92 of the statute referred to above, and he failed and refused to comply with their request; on the hearing of a petition for mandamus brought by such objecting patrons of the Tucker school against the superintendent, for a mandamus absolute requiring him to call such election, the court did not err in refusing to grant the relief sought.

         *Judgment affirmed. All the Justices concur.*
         No. 2271. APRIL 16, 1921.

Petition for mandamus. Before Judge Tarver. Whitfield superior court. September 11, 1920.

*R. H. House,* for plaintiffs.

*W. C. Martin* and *Maddox, McCamy & Shumate,* for defendants.