HARRELL, superintendent, *et al. v.* WILLIAMS *et al.*

1. A petition for mandamus by the patrons of a public school of a school district, showing the election of trustees in accordance with the provisions of section 120 of an act entitled " An act to codify the school laws of the State of Georgia," etc. (Acts 1919, p. 288), and that the returns of the election have been duly made to the proper office, is not open to attack by general demurrer.

2. The provision in section 92 of the act above referred to, which relates to the consolidation of school districts and their rearrangement, that " it shall be the duty of the county superintendent to call an election to be held in said district or districts affected," must be construed, in view of the entire section and the cognate sections, to provide for an election in the entire consolidated district, and not in one of the districts of which it is composed.

No. 3076. DECEMBER 15, 1922.

Mandamus. Before Judge Kent. Dodge superior court. December 31, 1921.

The board of education of Dodge County consolidated the Pitts school district with that of Chauncey, and passed an ordinance providing for trucks for the transportation of the pupils of Pitts school. At the time of the consolidation more than one fourth of

the patrons of the Pitts school petitioned for an election in the Pitts district on the question of consolidation. R. W. Yawn, J. E. Kirkley, and certain others, alleging themselves to be patrons of the public schools of Dodge County and residents of the Pitts school district, filed petition for mandamus against M. W. Harrell, alleged to be the superintendent of the public schools of the county and the executive officer of the board of education, and against the members of the board, and prayed that they be required to issue commissions to R. W. Yawn and R. A. Evans as trustees of the Pitts school district of Dodge County, and to contract with and furnish a licensed teacher to teach the public school in the Pitts school district for a certain specified term. The respondents filed a general demurrer and answer. They admitted the allegations in the petition as to the election of the trustees for the Pitts school district, and that they had refused to commission them; and further answered, in substance, that on the 2d day of August, 1921, they, as the board of education of Dodge County, regularly ordered that the Pitts school district be consolidated with Chauncey school district, and in pursuance of said order and action said schools were consolidated into one district, as provided by the laws of the State, and said consolidated school district has been regularly and legally organized and operated as a consolidated school district; that they have provided transportation for all the children of said consolidated school district to and from said consolidated school and operated in the school building located in the town of Chauncey in the said original Chauncey school district; that the original Chauncey school district, in pursuance of the laws of Georgia, voted an issue of bonds for the establishment, operation, and maintenance of said school, said bonds and the interest thereon to be paid for by the levy of a local tax in said district; that a board of trustees has been regularly elected and qualified as such for the said consolidated school district, and have been and are now serving as such.

The case coming on for a hearing, the following evidence was introduced: B. S. Williams, on behalf of the plaintiffs, testified: " I am one of the trustees of Pitts school district in Dodge County, and when we learned that the board of education of Dodge County was seeking to consolidate us with Chauncey school district we prepared and filed a petition with the board, asking that an election

be held in the matter. Twenty-one of the patrons of the Pitts school district signed the petition; and we had only thirty patrons in all in the Pitts school district. I presented the petition to Mr. M. N. Jones, the chairman of the board, in a regular meeting called for the purpose of consolidating the district. The petition was never acted on, and no election was ordered or held, as petitioners wanted election to be held only in Pitts district." M. N. Jones testified for the defendants: " I am chairman of the board of education of Dodge County. , I remember that the Pitts school crowd had a written petition before our board, asking for an election before they were consolidated. I do not remember how many names were on the petition, but remember that there was a room full present objecting to. the consolidation." The court· overruled the general demurrer to the petition, and granted a mandamus absolute; whereupon the respondents excepted.

*C. W. Griffin* and *W. A. Wooten,* for plaintiffs in error.

*Eugene Talmadge,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court did not err in overruling the general demurrer. The petition sets forth the facts showing the regular election of trustees in the Pitts school district and the refusal on the part of the superintendent of schools and the board of education to commission these trustees. The petition is silent as to the order of consolidation combining Pitts school district and the Chauncey school district into one school district. On its face it shows a regular election of trustees, as the statute provides, in a duly established school district, and the regular election of trustees of the school for that district. And those facts appearing, and the allegations in regard to them in the petition being taken as true, the demurrer was properly overruled.

2. While the petition in this case is not open to attack by general demurrer, as ruled above, it does not follow that upon the case as made by the evidence a mandamus absolute should have been granted. It was agreed at the hearing that the allegations of the petition and the answer should be taken as true; and the evidence set forth above was introduced. Taking the allegations of the answer as true, it appears that the Pitts school district and the Chauncey school district had been combined and consolidated into one district. Section 90 of the code of school laws, contained in

the act entitled " An act to codify the school laws of the State," etc. (Acts 1919, p. 288), is as follows: " The board of education of any county shall have the right, if, in their opinion, the welfare of the schools of the county and the best interests of the pupils require, to consolidate two or more schools located in the same or different districts into one school, to be located by said board at a place convenient to the pupils attending the same, said schoolhouse to be located as near the center of the district or districts as practicable. Whenever two or more schools are consolidated as hereinafter provided, the county superintendent shall call an election of trustees for said consolidated schools from the district or districts concerned; said election shall be held in accordance with the provisions of existing law, and the result determined and declared by the board of education." Section 92 of that act deals with the subject of changing the lines of any district, and also with the subject of consolidation of schools, to which section 90, just quoted, relates; and in section 92 it is provided: " but should as many as one fourth of the patrons of the said school or schools object to the consolidation (provided that said one fourth of said patrons shall consist of at least ten), it shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty (30) days' notice of same by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notice at least at three or more public places in the district or districts to be affected thereby; at which election should a majority of the qualified voters vote for consolidation, the schools shall be consolidated, otherwise not." The defendants in error insist that inasmuch as it was shown by the undisputed evidence in the case that they filed a petition to the board of education, asking that an election be held in the matter, and that this was more than a fourth of the patrons in the Pitts school district, and that this petition was never acted on and no election was held, the consolidation was illegal and invalid. In the answer it is distinctly alleged that the two districts had been regularly and by proper order consolidated into one district, as provided by the law of this State, and that the consolidated district had been regularly and legally organized and operated as a consolidated school district. These allegations of fact are admitted to be true. Besides, there is nothing in the evidence sub-

mitted that conflicts with this. It appears from the evidence that while a petition for election had been submitted to the board of education, it was for an election in the Pitts district only; and we therefore construe that part of section 92, which provides that, "should as many as one fourth of the patrons of the said school or schools object to the consolidation (provided that said one fourth of said patrons shall consists of at least ten), it shall be the duty of the county superintendent to call an election to be held in said district or districts affected." It is contended by the plaintiffs in error that the election here contemplated is one to be held in the entire consolidated district, and not merely in one of the districts which it is contemplated constitutes the consolidated district. And this contention seems to us to be sound. It must be conceded that the language is somewhat obscure. But the expression, "in said district or districts affected," immediately following the provision for an election, should rather be construed in favor of the larger and better equipped school which the larger district can provide for, as that construction will be more nearly in accordance with the manifest purpose of this section of the act, which provides for the rearrangement of districts whenever in the opinion of the county board of education the best interests of the schools demand the rearrangement and consolidation of two or more districts. *Shields* v. *Field,* 151 *Ga.* 465 (107 S. E. 44). A section immediately following the one from which this quotation is taken makes provision for the transportation of pupils and teachers to and from the school. Provisions like these last referred to indicate to some extent the purpose of the legislature to encourage the .enlargement of the limits of school districts, even should it require the transportation of the pupils to school at the expense of the county or the district. Holding, therefore, that there had been a consolidation of the two districts in accordance with the statute, it follows that the court erred in granting a mandamus absolute in the case, requiring that the trustees alleged to have been elected in the Pitts school district be commissioned.

In view of the rulings made above, it is unnecessary to discuss the question as to whether or not the county superintendent and the board of education could be compelled to elect a teacher as prayed.          *Judgment reversed. All the Justices concur.*