WALKER *et al.* v. HALL *et al.*

HINES, J. 1. The board of education of Grady County has the right to consolidate the Pine Summit and Greenwood school districts of that county with the Cairo school district, when in their judgment the best interests of the schools require such change; and before the county superintendent is authorized to call an election upon the question of

Schools and School Districts 35 Cyc. p. 850, n. 94.

such consolidation, as many as one fourth of the patrons of all the schools of the several districts to be affected (provided that one fourth of them shall consist of at least ten) by the proposed change of the district must object to the rearrangement; in which event an election must be had upon the question of consolidation. Acts 1919, p. 288, § 92; *Shields* v. *Field*, 151 *Ga.* 465 (107 S. E. 44).

(*a*) Where such election was called by the superintendent and the election was held, and the county board of education consolidated the returns thereof and adopted a resolution based upon the result of the election, which was in favor of consolidation, declaring the Pine Summit and Greenwood school districts consolidated with the Cairo school district, the county school superintendent and the county board of education will not be heard to say that the election was not properly held because one fourth of the patrons of the consolidated district did not object to such rearrangement of these districts, the call for the election being based upon the existence of this fact.

2. The provision in said section that "It shall be the duty of the county superintendent to call an election to be held in such district or districts affected" provides for one election in the entire consolidated district, and not a separate election in each of the districts of which the consolidated district is composed. *Harrell* v. *Williams*, 154 *Ga.* 632 (115 S. E. 97).

3. The provision in said section that the county superintendent shall give "thirty (30) days notice of" such election, "by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notices at at least three or more public places in the district or districts to be affected thereby," does not require the posting of three of such notices in each of the districts to be affected, but only requires the posting of three of such notices in the consolidated district. This follows as a necessary corollary from the ruling in *Harrell* v. *Williams*, supra.

4. The county superintendent can designate the place in the consolidated district in which such election shall be held; and the fact that the election is held in one of the districts to be affected does not render the election void.

5. Where there are different rates of taxation for school purposes in the several school districts to be affected by the consolidation, and where the bonded indebtedness of such districts is different, the question of what rate of taxation for school purposes shall be levied in the consolidated district, and of how the bonded indebtedness of the respective districts shall be paid, are not now for decision; the trustees of the consolidated district not having levied any tax for school purposes in said district, and no question of the payment of such bonded indebtedness being properly raised.

6. Applying the above principles, the chancellor did not err in refusing to restrain the trustees of the consolidated district from acting as such, and from levying any tax against petitioners and their property for the support of the consolidated school.

*Judgment affirmed. All the Justices concur.*

No. 5020. DECEMBER 19, 1925.

Petition for injunction. Before Judge Custer. Grady superior court. June 29, 1925.

*Hill & McElvey,* for plaintiffs.

*S. P. Cain, J. S. Weathers,* and *J. J. Gainey,* for defendants.