### CUMMINGS *et al. v.* DRAKE *et al.; et vice versa.*

1. The one resolution passed by the board of education provided for the creation of two separate and distinct consolidated school districts.
2. Where two consolidated school districts are formed by a resolution of the county board of education, and it is provided in such resolution that a named district shall be divided and a designated portion added to one of the districts thus formed and a designated portion added to the other such district, and legal objections are made protesting against the formation of only one of such consolidated districts, the county superintendent should call and hold the subsequent election provided by law only in the district or districts affected by the consolidation to which the objections relate.  In such election all the qualified voters of the entire school district proposed to be divided are entitled to vote.
3. The trial judge did not err in vacating and dissolving the restraining order previously granted.

Nos. 5568, 5569.  MAY 4, 1927.

Petition for injunction.  Before Judge Yeomans.  Seminole superior court.  June 21, 1926.

*R. L. Cox* and *H. G. Rawls,* for plaintiffs.

*J. T. Goree* and *Drake & Drake,* for defendants.

RUSSELL, C. J.  At the regular monthly meeting of the board of education of Seminole County, held on January 6, 1925, the following motion was duly passed by said board: "That the entire Ward district be consolidated with the Iron City district; and that a line be extended north and south through the Lela

---

Injunctions, 32 C. J. p. 399, n. 72.

Schools and School Districts, 35 Cyc. p. 834, n. 92; p. 837, n. 6; p. 840, n. 18; p. 850, n. 95.

school district, and that that part of the Lela district lying east of said line (when so extended) to also be consolidated with the Iron City school district, and that the new consolidated district thus formed be known as the Iron City school district." The motion also further provides that that part of the Lela district lying west of said above line (when said line is so extended through the Lela district) shall be added to the Donalsonville district. The proposed line to run north and south through the Lela school district would divide the Lela district by adding to the Iron City district the twenty-one lots of land east of the militia district line and adding to the Donalsonville district the seventeen lots of land west of said militia district line. "The said dividing line to be run as follows: begin at the northwest corner of lot of land number 8 in the 27th land district, and run due south on the land lines to the southeast corner of lot of land number 13 in the 14th land district. The present Lela district east of this line to be added to the Iron City school district, and that part of the present Lela district west of said line to be added to the Donalsonville school district." Prior to the regular February, 1925, session of the board of education of Seminole County, a petition containing "the names of more than twenty-five per cent. of the patrons of all of the schools of said consolidated schools," numbering more than ten, was filed with the superintendent of schools of said county. This petition is as follows: "To the Hon. Board of Education: We, the undersigned patrons of the Iron City, Ward, and Lela school districts, respectfully petition your board to repeal your act of January 6, 1925, by which said school districts were consolidated into one district; or, in the event you do not repeal said act, then we hereby file this our petition against said consolidation, and respectfully request that you call an election respecting said consolidation, as provided by law." It appears from the record that an election was called and held on March 10, 1925, but, upon an attack upon same by parties not apparent from this record, a consent order signed by counsel for both parties was passed by the judge of the superior court on February 16, 1926, declaring said election illegal and void, and ordering "that the superintendent of schools of said county . . call an election to be held in the three school districts affected by the order of consolidation as prescribed by law." No exception was taken to

this judgment. Thereafter, on May 12, 1926, an election was duly held in the Iron City, Ward, and Lela school districts, for "the purpose of determining whether or not the Ward school district and the east side of the Lela school district shall be consolidated with the Iron City school district, as provided by an order of consolidation passed by the county board of education of said county on the 6th day of January, 1925."

On May 24, 1926, R. L. Cox and other named parties filed a petition seeking to enjoin the board of education of Seminole County from declaring the result of said election, and from consolidating said schools, setting up as grounds for the relief prayed their contention, as recited in the bill of exceptions, that the resolution passed by the board of education on January 6, 1925, "affected that four school districts of said county and that [after?] a petition had been filed with the superintendent of schools of said county, objecting to said consolidation and calling for an election to be held, the said superintendent of schools of said county called an election to be held in the Iron City, Ward, and Lela school districts, and that no election had been held or called in the Donalsonville district, one of the districts affected by said act of consolidation." The board of education contended that the resolution of January 6, 1925, provided for two separate and distinct consolidations; and that, as no objection had been filed to the consolidation of the western part of the Lela district with the Donalsonville district, the superintendent of schools was not required and had no authority to call and hold an election in the Donalsonville district. Upon the hearing the board of education and county school superintendent filed answers to the petition, and a general demurrer based upon the ground that the petition set forth no cause of action. Named parties also intervened as defendants. The demurrer was overruled. The only evidence introduced was the pleadings of the respective parties, admitted without objection, setting up substantially the facts above appearing. After consideration of the evidence the trial judge passed the following order: "It is ordered that the restraining order heretofore granted in said case, restraining and enjoining the defendants named in said case from declaring the result of the election held to consolidate the Iron City, Ward, and east half of the Lela school districts, be and the same is hereby vacated, and the in-

junction and restraining order heretofore granted are dissolved. It is further ordered that the county superintendent of schools of Seminole County may call an election at any time before the remittitur from the Supreme Court is made the judgment of this court in this case, provided the case is carried to the Supreme Court by bill of exceptions, and, should it not be carried to the Supreme Court by bill of exceptions, at any time within sixty days from this date if sufficient number of patrons file their protest against the consolidation of the said west half of Lela with the Donalsonville schools district as provided by law. A supersedeas is hereby granted for a period of twenty days; and should the plaintiffs in error file bill of exceptions within twenty days from this date, then the bill of exceptions thereof shall act and operate as the supersedeas until further orders of this court." To this order the petitioners excepted. By cross-bill of exceptions the defendants assign error on the order overruling their general demurrer.

1. An examination of the resolution passed by the county board of education of Seminole County on January 6, 1925, plainly discloses that the board provided for the creation of two separate and distinct consolidated school districts, to wit, the Iron City school district and the Donalsonville school district. The confusion apparently existing in the minds of plaintiffs in error as to this question no doubt arises from the fact that the two consolidations were formed by a single resolution, and the further fact that there is one district involved in both consolidations. By the resolution or order it was provided that a designated portion of the Lela district should be added to the Iron City district, the new district "thus formed to be known as the Iron City school district." By this resolution it was also provided that the remaining designated portion of the Lela school district should be added to the Donalsonville school district. However, this would not make one consolidation dependent upon the other. By the terms of the code of school laws, "whenever, in the opinion of the county board of education, the best interests of the school demand, the board of education shall have the right to consolidate two or more districts *or parts of districts or to add any part of one district to any other district.*" (Italics ours.) In fact the board of education need not have made any disposition of the remaining portion of the

Lela district, but could have left such portion a school district of itself, in its discretion. Ga. L. 1919, p. 288, §§ 91, 92.

. 2. As the resolution provided for two independent consolidations, it follows from the facts of this case that the county superintendent of schools properly called and held the election on the question of consolidation only in the Iron City school district. Before the superintendent of schools is authorized or can be required to call an election to determine whether a consolidation shall become effective, as many as one fourth (which one fourth must consist of at least ten) of the patrons of the schools of the several districts to be affected by the proposed change must object to the rearrangement. In the present case only one protest was filed, and this objection related only to the Iron City consolidation. As the Donalsonville consolidation was a separate creation, to the formation of which no objection had been filed, the superintendent of schools was therefore without authority to call an election in the Donalsonville district. Ga. L. 1919, p. 288, § 92; *Shields* v. *Field,* 151 *Ga.* 465 (107 S. E. 44); *Harrell* v. *Williams,* 154 *Ga.* 632 (2) (115 S. E. 97); *Walker* v. *Hall,* 161 *Ga.* 460 (131 S. E. 160).

In the election held to determine the consolidation or non-consolidation of the Iron City district the entire Lela district was entitled to vote, for it was proposed by the terms of the Iron City consolidation to take a portion of the Lela district and add it to the Iron City district. We do not think the school law, supra, will authorize a ruling that in such cases the voting must be confined to the territory to be embraced in the proposed consolidated district *after* it has been created; but we are of the opinion that where it is proposed to take a portion of a school district and consolidate it with another district or districts, and legal objections are filed, the entire district from which it is proposed to take a part is entitled to vote in the election held to determine the question of consolidation or no consolidation. This follows from the provisions of section 92 of the acts of 1919, supra, which make it the duty of the county superintendent, if proper objections to a proposed consolidation are made, "to call an election to be held in said district or districts affected, . . at which election, should a majority of the qualified voters vote for consolidation, the schools shall be consolidated, otherwise not." The term "qualified voters" refers to the voters of "said district or districts

affected." To show the reasonableness of this construction of the law, we may well take for example an assumed territory containing four school districts, each containing (as in fact many do) a portion of valuable and improved land, thickly settled, and surrounded by sparsely settled and unproductive land. Were the law otherwise than as above stated, it would be possible to create a district composed of only the fertile and thickly settled portions of each of the four districts, and leave only the poor sections of the respective districts; for under any other view of the law the last-named portions of each district, not being included in the proposed consolidation, would not be entitled to vote on the question of consolidation, and could thus be deprived of the best part of their school district without having a voice as to the division. The entire Lela district was affected by the proposed consolidation of the Iron City district, to which objection had been made. The Donalsonville district was not affected thereby; for, as we have held, the proposed consolidations were independent. We think this answers the query of counsel for the plaintiffs as to the theory of the law under which the voters of the entire Lela district were entitled and allowed to vote in the election and which nevertheless withheld from the voters of the Donalsonville district the privilege of participating in such election. Though both the new Iron City and Donalsonville districts were born of a single resolution, the Donalsonville district was certainly not affected by the proposed consolidation of the Iron City district. Its interest in the matter could arise only from the consolidation of the western portion of the Lela district with the Donalsonville district; and as no protest or objection had been filed against this consolidation, the superintendent of schools was without authority to call or hold an election in such district. The law requires proper objections to a proposed consolidation as an essential prerequisite before an election can be called or held in such district.

3. It follows from the foregoing rulings that the election held on May 12, 1926, was valid and legal as against the attacks made upon it, and that the trial judge did not err in vacating and dissolving the restraining order previously granted.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur.*