## LOTT *et al. v.* BOARD OF EDUCATION OF HALL COUNTY *et al.*

1. The criticism of a statute duly enacted by the legislature of this State, upon the ground that it is void because contrary to public policy, is without merit.

2. That part of section 92 of the Georgia Code of School Laws (Ga. Laws 1919, p. 288) which provides that whenever the county board of education shall deem it to the best interests of the schools to consolidate two or more school districts, "it shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty days' notice of same by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notice at least at three or more public places in the district or districts affected thereby, at which election should a majority of the qualified voters vote for consolidation the schools shall be consolidated, otherwise not," is not in violation of article 1, section 1, paragraph 2, of the constitution of Georgia, which provides that "protection to person and property shall be impartial and complete."

3. Section 85 of the Code of School Laws, which provides that the county board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with the powers in that section enumerated, is not in violation of article 6, section 4, paragraph 3, of the constitution of Georgia, which provides that superior courts "shall have jurisdiction in all civil cases, except as hereinafter provided." The act of the county board of education, as complained of in the petition, is not void as being in violation of the due-process clause of the constitution of Georgia.

4. Section 85 of the Code of School Laws is not void on the ground that it is in violation of article 1, section 1, paragraph 23, of the constitution of Georgia, which declares that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided."

5. The court did not err in sustaining the demurrer to the petition and dismissing the same.

No. 5672. SEPTEMBER 29, 1927.

Equitable petition. Before Judge J. B. Jones. Hall superior court. September 11, 1926.

*Kelley & Kelley,* for plaintiffs. *J. D. Underwood,* for defendants.

PER CURIAM. J. J. Lott, W. M. Benefield, and others brought their equitable petition against the Board of Education of Hall County and the county superintendent, alleging that petitioners

Constitutional Law, 12 C. J. p. 802, n. 7; p. 809, n. 96; p. 887, n. 38, 41; p. 902, n. 34; p. 904, n. 69; p. 1150, n. 36; p. 1287, n. 6 New.

were citizens, taxpayers, patrons, and trustees of the Macedonia school district of said county; that several years ago there was legally established a school district known as "Macedonia," which has been operated as a public school under the jurisdiction of the board of education; that the board is now seeking to consolidate Macedonia district with Chestnut Mountain school, and to that end adopted the following resolution: "To consolidate Macedonia school with Chestnut Mountain school, said consolidation to become effective at the close of the present school term; provided Chestnut Mountain shall provide sufficient room to care for said school." And the following entries upon the minutes are shown: "While there was no formal motion in regard to the matter, it was the sense of the board that Macedonia should have ample time to file objection to being consolidated with Chestnut Mountain, after the condition has been met, or it is apparent it will be met, under which said consolidation is to become effective." "Motion carried to confirm the former action of this board in consolidating Macedonia school with Chestnut Mountain school, to take effect at the beginning of the next school term; and that the trustees of Chestnut Mountain school be instructed to prepare a suitable room to the school-rooms they now have in order to be able to accommodate said school, and that 30 days be allowed in which any of the citizens or patrons residing in the territory affected by said consolidation may file their objections to the action of this board in making said consolidation."

Petitioners allege further, that more than one fourth of the patrons in the Macedonia district have filed their objection to the consolidation, which fourth is in excess of ten; that more than one fourth of Chestnut Mountain district, also in excess of ten, have filed their objections; that the Macedonia school is a local-tax school district, has an excellent two-room schoolhouse, well seated, painted, with a fine school ground, well lighted and ventilated; that "under the plan of consolidation it will require the school building at Chestnut Mountain to be the location of the consolidated school; that said school building is wholly and totally inadequate, it being an old frame building, poorly located, miserably lighted and ventilated, and in such condition that it is hardly kept warm enough in winter; that it is too small to accommodate the pupils if the consolidation is completed; that it is planned to

build a room in the basement of said house, on the north side of the building, below the surface of the ground on three sides, leaving the entrance and the only light and ventilation on the north side, and putting a cement floor therein; that the present house is a firetrap; that its foundation is weak, and to put children in it will jeopardize the lives of all of them every time a very hard wind strikes it; that there is no playground suitable for the present school location, and what little ground there is in front of the building is traversed by three public roads, thereby jeopardizing the lives of the children while at play; that no playground can be prepared elsewhere around the house, for the reason that it is on a steep bluff, and the house is in a hole; that Chestnut Mountain school has no local tax, and the citizens of the present district will not vote a local tax as long as the present place is the designated location for said school; that the "present place of said school will not be in the center of the district, and not accessible to many children who live off the highway in roads that can not be traveled in bad weather by trucks;" that the action of the board is a flagrant abuse of the discretion vested in it; that the consolidation is not for the best interests of the schools in question and the schools of the county; that under the present plan of the said board and county school superintendent they will withhold from Macedonia school funds which it is entitled to have to operate said school at Macedonia. Among other prayers is one for injunction against effecting the consolidation of the schools, and against calling an election to consolidate the districts.

In an amendment to the petition the purpose of the county school superintendent to call an election to consolidate the districts is recited; and attacks upon certain sections of the Code of school laws are made. To the petition as amended the defendants demurred, and the judge sustained the demurrer and dismissed the action; to which judgment the petitioners excepted.

1. It is urged in the petition, as a reason for enjoining the board of education and the county school superintendent from effecting a consolidation of the school districts in question, that the Chestnut Mountain school district is much larger than the Macedonia district and has more than twice the voting strength of the latter district; that the former district can therefore, under the present plan, take the other district into the proposed con-

solidation even though the smaller district unanimously votes against it; and that the wishes and rights of the weaker district are disregarded; and petitioners therefore allege that the part of section 92 of the Georgia Code of School Laws (Ga. Laws 1919, p. 327) which provides for an election to be held in the districts to be consolidated, after giving notice, and that if a majority of the qualified voters at such election should be in favor of consolidation the schools shall be consolidated, is void as contrary to public policy. Such an attack on the statute is without merit. A statute of the State, duly enacted by the legislature, establishes the public policy as to the matter therein embraced and dealt with.

2. That part of section 92 of the Code of School Laws attacked as contrary to public policy, which criticism we have held to be without merit, is as follows: "It shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty (30) days' notice of same by publishing the same once a week for four weeks in the paper in which the county advertisements are published, and also by posting notice at least at three or more public places in the district or districts to be affected thereby, at which election should a majority of the qualified voters vote for consolidation the schools shall be consolidated, otherwise not." This part of section 92 is further challenged as violative of article 1, section 1, paragraph 2, of the constitution of Georgia (Civil Code, § 6358), which provides that protection to person and property is the paramount duty of government, and shall be impartial and complete. The underlying reasons advanced by petitioners for asserting that the part of section 92 quoted is unconstitutional are as follows: (1) "To submit the question as proposed to the proposed consolidated district is not impartial, because the Chestnut Mountain district can take away the Macedonia school regardless of the unanimous vote of Macedonia District." (2) "Because the vote is to be submitted to the proposed consolidated district, which is not yet a legal district or unit or subdivision for school purposes, and to submit the vote to a unit of the board's own creation is to submit said vote to the said board's unborn child, and is not impartial." The statute is not unconstitutional for either of these reasons. The law expressly provides for the consolidation of school districts, and it was as competent for the legislature to

provide for the consolidation of school districts as it was to create such districts; and this creation of a consolidated district is sought to be effected by allowing all of the qualified voters in the consolidated district to vote at an election called for the purpose of determining whether there shall be a consolidation or not. In the case of *Walker* v. *Hall,* 161 *Ga.* 460 (2) (131 S. E. 160), it was said: "The provision in said section [Acts 1919, p. 288, sec. 92] that 'It shall be the duty of the county superintendent to call an election to be held in such district or districts affected' provides for one election in the entire consolidated district, and not a separate election in each of the districts of which the consolidated district is composed. *Harrell* v. *Williams,* 154 *Ga.* 632 (115 S. E. 97). See *Board of Education* v. *Hudson,* 164 *Ga.* 401 (138 S. E. 792), and cit. And there is nothing in the manner of effecting the consolidation under the provisions of section 92 which in any way invades or violates the solemn declaration of the constitution that "protection to person and property shall be impartial and complete."

3. Section 85 of the Code of School Laws is as follows: "The county board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary; and when they have made a decision, said decision shall be binding upon the parties. Either of the parties shall have the right of appeal to the State School Superintendent, and said appeal shall be made through the county superintendent in writing, and shall distinctly set forth the question in dispute, the decision of the county board, and testimony as agreed upon by the parties to the controversy, or, if they fail to agree, upon the testimony as reported by the superintendent." This section is attacked upon the ground that it is void because in violation of article 6, section 4, paragraph 3, of the constitution of Georgia, which provides that "Said courts [referring to superior courts] shall have jurisdiction in all civil cases, except as hereinafter provided." Petitioners contend in this case that section 85 seeks to place exclusive jurisdiction in the board of education acting as a tribunal to adjudicate the school laws, whereas there is no constitutional authority therefor, but on the other hand jurisdiction is given to the superior

courts in such matters, their jurisdiction being general. This contention is not sound. It was competent for the legislature, under the authority of the constitution, to create a tribunal for hearing and determining "any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony," etc. And in the section of the school laws in question the General Assembly has made the county board of education such a tribunal, and has not gone beyond its constitutional authority in so doing. The constitution declares that "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law." Code, § 6497. "The General Assembly is here given express authority to establish such courts as in the legislative wisdom may be deemed proper." *Clark* v. *Black*, 136 *Ga.* 812, 815 (72 S. E. 251). The tribunal created by section 85 of the Code of School Laws is one of very limited jurisdiction, and in conferring power upon the tribunal thus created no jurisdiction has been conferred which by the constitution is exclusively given to any other court. *Board of Education* v. *Hudson*, supra.

The act of the Board of Education in determining that the best interests of the two school districts in question here demanded the consolidation of the two districts, and the steps taken by them to bring about this consolidation, were in accordance with the provisions of the act, and did not in any way tend to deprive any person of "life, liberty, or property without due process of law." The formal and substantial provisions of the act were complied with, both by the board of education and the county superintendent.

4-5. The rulings in headnotes 4 and 5 require no elaboration.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*