GAZAWAY *et al. v.* GODFREY, trustee, *et al.*

GILBERT, J.  1. The duty of laying off a county into school districts, of rearranging or consolidating such districts, is imposed by law upon the county board of education.

2. It has been held by this court, and it is the general rule, that courts will not interfere with the exercise of discretion imposed by law upon school authorities, unless there is an abuse of discretion. *Beckham* v. *Gallemore,* 147 *Ga.* 323, 324 (93 S. E. 884) ; *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (119 S. E. 601). The courts would interfere if the action of the school authorities was arbitrary, wilful, or constituted gross injustice, oppression or corruption. Metz *v.* Anderson, 23 Ill. 463 (76 Am. D. 704) ; 24 Ruling Case Law, 573, § 21; 56 Corpus Juris, 243, § 81. The petition alleges in terms that the action of the school board was arbitrary, wilful, and malicious, and amounted to actual fraud upon petitioners. Moreover, the petition in substance alleges gross injustice and oppression.

3. Where a school board, in its discretion, undertakes to consolidate two or more districts, and the requisite number of objectors file protest as provided by law, it is the duty of the board to call an election.  On failure so to do, the objectors may bring mandamus proceedings to require such an election. *Shields* v. *Field,* 151 *Ga.* 465 (107 S. E. 44) ; *Harrell* v. *Williams,* 154 *Ga.* 632 (115 S. E. 97). But the objectors are not compelled to assume the onus and burden of bringing such mandamus proceeding. Where a consolidation of districts is ordered fraudulently and with intention "wilfully and maliciously" to discriminate against,

and with the purpose "to injure and damage" petitioners, equity will interfere to enjoin an election for the issuance of bonds, until there is a consolidation completed as required by law.

4. What is said above does not conflict with the ruling in *Ivey* v. *Rome*, 129 *Ga.* 286, 289 (58 S. E. 852), and other like cases, to the effect that "all questions arising out of . . an election must be determined alone by the tribunal constituted by the lawmaking power for that purpose." The question here made is not one arising out of an election. It is the complaint that the school board refused entirely to comply with the mandatory law requiring the holding of an election.

5. "Whenever in the opinion of the county board of education the best interests of the school demand, the board of education shall have the right to consolidate two or more districts or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district, at any time when in their judgment the best interests of the schools require such change, into one school district with the purpose of the election of the board of trustees and of the location of the school at some central place as hereinbefore provided; but should as many as one fourth of the patrons of the said school or schools object to the consolidation (provided that said one fourth of said patrons shall consist of at least ten), it shall be the duty of the county superintendent to call an election to be held in said district or districts affected, giving thirty days notice," etc., Ga. Laws 1919, pp. 288, 326; Park's Code Supp. 1922, § 1437(q) ; Michie's Code, § 1551(99).

6. The petition alleges that more than one fourth of the patrons of the schools in the districts affected objected to the consolidation, but that said board denied and refused to consider the same and ordered the consolidation. That allegation must be taken as true in considering the demurrer. In such circumstances the law, as stated in a preceding headnote, is mandatory upon the county superintendent to call an election to determine whether or not the consolidation shall take effect. A failure to call the election as required by law invalidates the order of consolidation.

7. Where an order of the board of education forming a consolidated school district is invalid, any election held by the districts constituting such invalid consolidation would itself be null and void and can not furnish authority for the issuing of bonds.

8. The petitioners allege themselves to be taxpayers affected by such attempted consolidation. As such they were entitled to bring this suit.

9. The court erred in sustaining the general demurrer to the petition. *Houston* v. *Thomas*, 168 *Ga.* 67 (146 S. E. 908).

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*

No. 8726.  MARCH 16, 1932.

628

D. W. *Mitchell,* for plaintiffs.
J. A. *McFarland,* for defendants.