**TADEMY v. SCOTT et al.**

**No. 11477.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1946.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., Ross R. Barnett, P. Z. Jones, and John E. Stone, all of Jackson, Miss., for appellant.

W. Colquitt Carter and Shepard Bryan, both of Atlanta, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Edward Tademy, a resident of Mississippi, brought action for damages for libel against C. A. Scott, administrator, and others, residents of Georgia. The two newspaper articles upon which action was predicated appeared on successive weeks in the Jackson Advocate, a paper for negroes, edited, circulated, and sold in Jackson, Mississippi, and vicinity by one Percy Green. The Jackson Advocate was listed and recognized by the Scotts as a member of their "Scott Newspaper Syndicate", and the editions in question were printed at the Scott plant in Atlanta, Georgia.

Among other asserted defenses, the Scotts sought to have the action dismissed on the ground that notice and opportunity for retraction and apology had not been given by Tademy as required by the Georgia statute governing libel actions against newspapers. Georgia Code, Sections 105-712, 105-713. Decision on this point of law was reserved by the trial judge and the parties proceeded with the introduction of evidence. Trial was had without a jury, and at the conclusion of the trial the court entered findings of fact and conclusions of law, and entered judgment for the defendants. In addition to findings on the merits, the court concluded that the failure of Tademy to give notice as required by the Georgia statute precluded recovery by him.

We shall not discuss the evidence or the findings made on the merits, for we are of opinion that the issues could not be developed until decision was made as to the applicability of the Georgia notice statute.

It is clear that the libellous articles were prepared and written by Percy Green in Jackson, Mississippi; that the matter was printed by the Scotts in Atlanta, Georgia; and that circulation and distribution of the newspapers was made in Mississippi.

Jurisdiction of the federal court sitting in Georgia was obtained because of the diversity of citizenship of the parties. Is the Georgia notice statute applicable?

In diversity of citizenship cases the conflict of law rules applied by federal courts must conform to those prevailing in the state courts. "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477. In actions such as this, the local policy of the state must be considered. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462. Certainly, the statutes of Georgia reflect the public policy of the state. Lott v. Board of Education, 164 Ga. 863, 139 S.E. 722, 723.

The Georgia statute governing the bringing of newspaper libel actions provides:

"Notice to defendant specifying libelous article, etc., as condition precedent to civil action.—Before any civil action shall be brought because of any publication of a libel in any newspaper, magazine or periodical, the plaintiff shall, within the period of the statute of limitations for such actions and at least five days before instituting such action, give notice in writing to the defendant specifying the article and the statements therein which he claims to be false and defamatory and further stating in said notice what the complaining party claims to be the true state of facts." Georgia Acts 1939, p. 343, Georgia Code, Section 105-712.

Section 105-713 of the Georgia Code provides for the effect of retraction as to damages recoverable for libel, and outlines the circumstances under which a plaintiff "shall recover only such special or actual damages as the plaintiff shows he has sustained."

In the only cases in which the cited notice statute has been considered by the Georgia appellate courts, it was held that the statute was constitutional and that an action filed without the giving of notice was premature. Hall v. Kelly, 61 Ga.App. 694, 7 S.E. 290; Kelly v. Hall, 191 Ga. 470, 12 S.E.2d 881.

The notice statute fixes and declares the policy of the State of Georgia in actions such as this, and it is clear that had this case been brought in the state court it would have been held to be prematurely

brought. Hall v. Kelly and Kelly v. Hall, supra.; Cf. Obear v. First National Bank, 97 Ga. 587, 25 S.E. 335, 33 L.R.A. 384. A federal court sitting in Georgia should likewise hold that the action was prematurely brought.

The judgment for the defendants should not have been a general judgment of non-liability on the merits. The judgment should have been one of dismissal without prejudice because of the plaintiff's failure to comply with the Georgia notice statute governing newspaper libel actions.

The judgment is modified accordingly, and as modified is affirmed.