OVILA LAFOND *v.* MARY L. RICHARDSON.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Jesse F. Libby* (by brief and orally), for the defendant.

BRANCH, J. The motion for a nonsuit should have been granted because there is no evidence from which it could be found that the defendant's son was acting as her agent at the time of the accident. The plaintiff drew from the defendant's son on the witness stand a statement that the automobile which he was driving was "a family car" and apparently relied at the trial upon the "family purpose" doctrine to charge the defendant with liability for her son's negligence. Ever since the decision of this court in *Moulton* v. *Langley,* 81 N. H. 138, if not before, it has been generally understood that the "family purpose" doctrine does not prevail in this jurisdiction. The strong intimation to that effect contained in the opinion above referred to is now confirmed.

In apparent recognition of this situation, counsel for the plaintiff have not, in this court, urged the family car theory, but have sought to discover in the evidence a sufficient basis for a finding of agency under the normal rules of law governing that relationship. The results of their search are embodied in their brief as follows: "Reducing the evidence of agency to a concise statement it appeared that the driver of the car was the son of defendant; was 19 years old; that he lived at home; that his mother permitted him to drive the car, which

was used as a family car; that he had before driven the car with the same people in it who were friends of his mother's and at times when his mother was in the car; that on the day of the accident he took the car from home with his mother's permission who knew that he was going to Plymouth and knew whom he was going to take with him."

This will not suffice. Although the two ladies who accompanied the son were said to be friends of his mother, there is no room for the conclusion that their presence in the car was due to that fact or that the trip was instigated by the defendant. It is too plain for argument that they were invited to accompany the son to Plymouth because they were the mother and sister of the young lady whom he planned to bring back with him. The son testified that he acted entirely on his own account; that his mother had nothing whatever to do with taking these people and that he was driving the car for his own purposes. On cross-examination he testified that his mother knew he was taking the two ladies with him, but in answer to the question whether she wanted him to take them he replied, "No, she didn't care whether I did or not. I was doing it for my own self." His further testimony was as follows: "Q. What were you taking them down for? A. I was going down after her older daughter. Q. Who asked you to do it? A. There wasn't anybody asked me to do it. I asked her if I could come after her. Q. And you took her mother and daughter with you? A. Yes, sir."

The testimony of the two passengers is entirely consistent with the above version of the circumstances under which the trip was undertaken, nor is doubt cast upon it by any of the other testimony or the circumstances disclosed by the evidence. The case is thus distinguished from *Tuttle* v. *Dodge*, 80 N. H. 304, cited by the plaintiff, in which there was evidence from which it might be found that the car was being used according to custom for the joint benefit of the driver and the defendants. The most that could be found in the present case was that the car was being used for the purposes of the driver with the knowledge and consent of the defendant. The wide distinction between a mere permissive user of a chattel and an agent is one which cannot be ignored, even when there is a close family relationship between the actor and the party sought to be charged with the consequences of his acts.

*Judgment for the defendant.*

All concurred.