[Civil No. 3904. Filed June 6, 1938.]

[79 Pac. (2d) 965.]

BURSON DONN, by WALTER E. DONN, His Guardian ad Litem, Appellant, v. CARL F. KUNZ, Appellee.

220

Mr. F. C. Struckmeyer, Mr. C. H. Young and Mr. James E. Flynn, for Appellant.

Messrs. Snell, Strouss & Salmon, for Appellee.

LOCKWOOD, J.—This is an action by Burson Donn, a minor, through his guardian *ad litem,* hereinafter called plaintiff, against Carl F. Kunz, hereinafter called defendant. The facts of the case, so far as this appeal is concerned, may be taken to be as follows:

On October 8, 1936, while the plaintiff was driving an automobile east on Camelback Road, in Maricopa county, it collided with one driven by Clara E. Kunz, the wife of defendant, at the intersection of Sixteenth Street and Camelback. As a result of said collision plaintiff sustained severe injuries, and Mrs. Kunz died, prior to the commencement of this action. The action was brought against her husband, Carl F. Kunz, individually, and was based on what is known

as the "family car" doctrine. The evidence shows that at the time of the accident the defendant and Clara E. Kunz were husband and wife, residing together as such in Maricopa county. As issue of the marriage three daughters had been born, and at the time of the accident Mrs. Kunz was taking the children to school. The car, which was the community property of herself and defendant, at the time was being driven by her, with the knowledge, consent and approval of her husband, and was used generally for the purpose of the family. The trial court directed a verdict for the defendant, on the ground that the "family car" doctrine was not applicable to the case, but rather the law governing the community and its responsibilities. From the order directing the verdict, the order denying the motion for new trial, and the judgment, this appeal was taken.

■ There is but one question of law, and that is, whether the "family car" doctrine is applicable to the facts set forth herein. It is not disputed that the "family car" doctrine is the established law of the state of Arizona. This rule is stated by Justice BAKER, in the case of *Benton* v. *Regeser,* 20 Ariz. 273, 179 Pac. 966, as follows (p. 278):

"The cases cited firmly establish the rule that a father who furnishes an automobile for the pleasure and convenience of the members of his family makes the use of the machine for the above purposes his affair or business, and that any member of the family driving the machine with the father's consent, either express or implied, is the father's agent. We are convinced that the rule is based on sound reason and that it is supported by the great weight of authority, and therefore shall adopt it as the rule in this jurisdiction."

It is the contention of plaintiff that defendant Kunz furnished the car in question for the pleasure and

convenience of the members of his family, among them being his wife, Clara E. Kunz, and that by so doing, made the use of the machine by her his affair or business, and that when she was driving it at the time of the accident, she was doing so as defendant's agent.

██ It is the position of defendant that this rule has no application where the automobile is furnished by the community; that in such case, when the automobile is used for a community purpose, it is the community which is responsible for its use or misuse, and not either of the individuals, husband or wife, who compose the community.

The question is one of first impression in the state of Arizona. Under our community property law, all property acquired by the earnings of either the husband or wife, while they are living together, belongs to neither spouse individually, but to the community, the interest of the husband being no more nor no less than that of the wife. *La Tourette* v. *La Tourette,* 15 Ariz. 200, 137 Pac. 426. Our statute says that during the coverture the husband alone may dispose of the personal property and control its use, but we have held that in so doing, he is acting not for himself but in a representative capacity, as the agent of the community. Section 2172, Revised Code 1928. In the case of *La Tourette* v. *La Tourette, supra,* we said (p. 206):

"The law, in giving this power to the husband during coverture to dispose of the personal property, does not do this in recognition of any higher or superior right that he has therein, but because the law considers it expedient and necessary in business transactions affecting the personalty to have an agent of the community with power to act. So it has clothed the husband with this agency, deeming him the best qualified for the purpose, but limiting such agency to the personalty and during the period of coverture.

And this agency to dispose of the community personalty may not be exercised by the husband to defraud his wife, for in one way or another she would have a remedy for a disposition by the husband in fraud of her rights, or made with the intent and purpose of defeating her interest."

Therefore, in the present case the automobile in question, which was owned by the community and used by a member of the community in the community business, to wit: in taking the minor children of Mr. and Mrs. Kunz to school, was not furnished by defendant Kunz, but by the community, his only relation to its use being a representative one as *the agent of the community*. If, therefore, there be any liability for the accident, aside from that of Clara E. Kunz, the liability under the doctrine of *respondeat superior* must be that of the owner of the car, to wit: the community, and not that of either of the individual members thereof, for an agent is not liable to third persons for the misfeasance of a sub-agent in the service of his principal, unless he is guilty of fraud or gross negligence in the choice of the sub-agent or improperly cooperates in the latter's acts. *Hilton* v. *Oliver*, 204 Cal. 535, 269 Pac. 425, 61 A. L. R. 297; *Smith* v. *Rutledge*, 332 Ill. 150, 163 N. E. 544, 61 A. L. R. 273.

We have always held that the community property law of this state was almost identical in principle with that of the state of Washington, and that the decisions therefrom on questions involving the various rights and liability of the community were very persuasive. There are two cases from that state which we think well illustrate the extent of the liability in cases of this nature, those of *Bortle* v. *Osborne*, 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152, and *Hart* v. *Hogan*, 173 Wash. 598, 24 Pac. (2d) 99. In the case first mentioned, the automobile in question belonged to the community and was driven by the

husband. An accident occurred, as in the present case, in which the driver of the car died as a result of the injury, and another party was seriously injured. The action was brought against the estate of the deceased husband and against the surviving wife. It is the law in the state of Washington, as it is in the state of Arizona, that the husband and wife are not jointly and severally liable for a tort committed by one without the knowledge or consent of the other. It is also the law in that state, as in Arizona, that where a tort-feasor dies before action was brought, no right of action exists as against the estate of such tort-feasor. *McClure* v. *Johnson,* 50 Ariz. 76, 69 Pac. (2d) 573. Nor, under the circumstances, could an action be successfully maintained as against the community. The court said (285 Pac. page 430):

"Accepting, for the sake of argument, the theory of appellant that the marital community is an entity separate and distinct from the spouses composing it. The community died before the action was instituted. Is there any authority for survival or revival of a cause of action against the community? As we have seen, there is neither common-law or statutory authority for proceeding against the personal representative of the deceased Frye or against the widow. The community property system is a creature of statute. It is unknown to the common law. Unless there is a statute, and we find none, creating a right of action, the action, being for a pure tort, for unliquidated damages, did not survive the death of the wrongdoer. As we have seen, the right of action against a surviving member of a firm obtains by reason of the joint and several liability of the partners. The members of the marital community in the case at bar were not jointly and severally liable."

This case is undoubtedly the reason why the present action was brought against the surviving husband, on the theory of the "family car" doctrine. But the "family car" doctrine rests upon the basis

that the car is furnished by the husband in his individual capacity and as common-law head of the family for the use of the family, and not as agent of another entity, the community.

It is urged most strenuously by plaintiff that, notwithstanding the community property law of Arizona, the husband still is the real head of the family, as under the common law, with all the rights, duties and responsibilities as such. Admitting this to be the case, we do not see where it helps plaintiff, for it was not in his capacity as *head of the family,* but in his capacity as *representative of the community* that the car was furnished by him. A similar situation arose in the state of Washington, in the case of *Hart* v. *Hogan, supra.* In that case, as in the case at bar, the driver of the car was plaintiff's wife, and others were injured through her negligence. The suit was brought against the surviving husband in his individual capacity, and the "family car" doctrine was invoked. The Supreme Court of Washington said (24 Pac. (2d) p. 102):

"We have not receded from the 'family car' doctrine, under which a broad liability is imposed on the husband when his car is operated by his wife for her own pleasure. The doctrine was adopted upon the theory, as stated in *Hutchins* v. *Haffner,* 63 Colo. 365, 167 Pac. 966, 967, L. R. A. 1918A, 1008, 'that the wife was the husband's agent in carrying out one of the purposes for which the car was purchased and owned.' The rule is the same whether the automobile is operated on the occasion in question by the wife or by some other member of the family. *Plasch* v. *Fass,* 144 Minn. 44, 174 N. W. 438, 10 A. L. R. 1446.

" 'Where an automobile was purchased for the pleasure of the owner's family, it is not essential to the owner's liability that he be enjoying the journey when an injury is occasioned to another traveler from the negligent operation of the machine. The owner may be liable for the negligence of his child or other

member of the family who is driving the car for the convenience or pleasure of other members of the family. . . . In order that the owner may be held liable, the operation of the machine must be in further-ance of his business or welfare. The term "busi-ness," as thus used, is not confined to an undertaking conducted for money profit. It may embrace any benefit which may inure to the owner. The "busi-ness" of the owner in such a case is the furnishing of pleasure to his family, and the driver is acting for him in the scope of his "business" when he is driving the machine for such purpose. . . .

" 'The person upon whom it is sought to fasten liability under the "family car" doctrine must own, provide, or maintain an automobile for the general use, pleasure and convenience of the family. Liability under this doctrine is not confined to owner or driver. It depends upon control and use. A widow, wife or mother may be liable as well as a husband or father. In order to bring a case within this rule, it must be shown that the car was, in fact, a family pleasure car. But the mere fact that a car is purchased and used for business purposes does not prevent its coming within the "family car" doctrine, where it is also used for family pleasure. . . . ' "

The judgment went against the defendant, and on appeal his counsel contended that the rule in *Bortle* v. *Osborne, supra,* governed. The court said:

"Counsel for respondent contend that the automo-bile was community property, and, as the tort-feasor is dead, the appellants are precluded under the rule announced in *Bortle* v. *Osborne,* 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152, from maintaining the action against the surviving husband. *By his answer the respondent admitted the allegation in each complaint that he was the owner of the automobile.* At the time of the trial respondent endeavored to amend his an-swer by alleging that the automobile was the com-munity property of the respondent and his wife. The trial court decided that respondent had a right to amend his answer but that the appellants were entitled to a continuance. Counsel for respondent elected to

proceed on the pleadings as made, in which it stood admitted that the car belonged to respondent individually. The question cannot now be raised in this court." (Italics ours.)

We think this statement, considered with the facts and decision in *Bortle* v. *Osborne, supra,* shows conclusively that under a state of facts like that of the present case, and a community property law almost identical with ours, the Supreme Court of Washington is of the opinion that an action like that in the present case will not lie. We think that conclusion is sound in principle. Until and unless the legislature changes the law in regard to the liability of a surviving spouse for torts committed by the deceased spouse, which are not joint and several in their nature, under circumstances like the present no action can be maintained against the survivor.

The judgment of the superior court is affirmed.

ROSS, J., concurs.

McALISTER, C. J., took no part in this opinion.