## JONES v. WEAVER.

## SAME v. THOMPSON.

### No. 9780.

Circuit Court of Appeals, Ninth Circuit.

Nov. 19, 1941.

Rehearing Denied Dec. 29, 1941.

Theodore G. McKesson, of Phoenix, Ariz., for appellant.

Ralph Barry, James R. Moore, and Elias M. Romley, all of Phoenix, Ariz., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

F. A. Jones, a resident of California, appeals from a judgment against him in favor of Mildred Bell Weaver, as administratrix of the estate of Clyde E. Weaver, deceased, in the sum of $10,000 damages and costs; and from a judgment against him in favor of Josephine Thompson, as administratrix of the estate of Edwin C. Thompson, deceased, in the same amount, both judgments having been rendered upon verdicts after trial by jury. The plaintiffs were at the time of the bringing of the actions residents of the State of Arizona. The cases were consolidated for trial, and the appeal in each case raises the same issues. For convenience we shall refer to the appellees as plaintiffs and to the appellant as defendant.

Defendant and the driver of the automobile in which the defendant was riding at the time of the accident which is the basis of the judgments appealed from were at all times material to the issues of this case husband and wife and residents of the State of California. Neither the defendant nor his wife owned any property at the time of their marriage, which occurred in California in the year 1924, nor did either of them during the marriage status acquire

any property through gift, devise or descent. During the period of their coverture they purchased the car involved in the accident over which these actions were brought, and paid for it out of a joint bank account. Title to the car was taken in the defendant's name, and the defendant was registered both as legal and registered owner under the California Motor Vehicle Law, St.Cal.1935, p. 93.

At the time of the accident, the defendant and his wife were journeying in the automobile referred to through the State of Arizona. The wife was driving while the defendant was asleep in the back seat. The car collided with another car in which Clyde E. Weaver and Edwin C. Thompson were riding, and the defendant's wife, Clyde E. Weaver and Edwin C. Thompson were all killed in the accident. The jury found that the accident was caused solely by the negligence of the defendant's wife.

Defendant, in seeking a reversal of the judgments, contends that the car being driven by his wife at the time of the accident was community property, and relies upon the Arizona case of Donn v. Kunz, 52 Ariz. 219, 79 P.2d 965. The cited case involved an automobile accident which occurred in the State of Arizona between residents of Arizona. The defendant in that suit, as in the instant case, was the surviving husband of the deceased tort feasor. The car which the wife was driving at the time of the accident was community property of the defendant and his wife. The Arizona Court held, first, that the "family car" doctrine was inapplicable in the situation where the car was not furnished by the husband but was furnished by the community; second, that the wife in driving the car did so as agent of the community and not as agent of the husband, and therefore it was the community and not the husband who was liable for her tort; next, that the community having been dissolved by the wife's death, the cause of action against the community abated, and that a judgment against the husband individually for damages could not be sustained.

The plaintiffs, in attempting to distinguish the Kunz case, supra, first call attention to the fact that in the cited case the husband was not in the car, while in the instant case the husband was in the back seat asleep. We see no logical distinction in the two cases on this ground, when we consider the basis of the Kunz decision, to-wit, that the car was owned by the *community* and not by the husband, and that the wife in driving did so as the agent of the community. The presence or absence of another agent of the community could have no bearing on the result.

If, then, we are to sustain the judgments of the trial court, we must do so on another basis.

It is urged by the plaintiffs in support of the judgments that the defendant has failed in his proof that the automobile was the community property of the parties—that the evidence shows that it was paid for out of a joint bank account, and that under California law the creation of a joint bank account by the parties destroyed the community as to the funds in the account. Of course, if the automobile involved in the accident was the individual property of the husband, then under the Arizona "family car doctrine" there would be no question as to his liability in the circumstances of this case.

However, it is our view that even assuming the automobile to be community property of the defendant and his wife, still the judgments must be affirmed, as we shall presently show.

A careful analysis of the Kunz case, supra, will disclose that the Arizona court in interpreting its community property laws held that the community in that State is a separate entity apart from the husband and wife, the members of the community, and that this is the basis upon which the Court determined that the husband individually could not be held.

The defendant cites Traglio v. Harris, 9 Cir., 104 F.2d 439, 127 A.L.R. 803, recently decided by this Court, and argues from that case that irrespective of the fact that the automobile involved in the accident was acquired by the defendant and his wife in California at a time when they were residents of that State, still the Arizona law should be applied in its entirety since the accident occurred there.

It is true that in Traglio v. Harris this Court, one member dissenting, rejected the argument that the ownership of the cause of action should be determined by the law of the domicile of the plaintiff instead of by the law of the place of the tort. And it may be that a logical conclusion to be drawn from the Traglio case would lead to a decision for the defendant herein. However, the United States Su-

preme Court has spoken upon the subject since this Court's decision in Traglio v. Harris, in the case of Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, and the latter case prevents any such construction of Traglio v. Harris, holding that in diversity of citizenship cases, the federal courts must follow the conflict of laws rules prevailing in the States in which they sit. Under this ruling the District Court was bound to look to the conflict of laws rules of the State of Arizona to determine what effect the fact that the defendant and his wife were California residents would have upon the issues involved.

■ The Arizona authorities take the view that the character of property acquired during the marriage relation is determined by the law of the matrimonial domicile at the time of acquisition. Stephen v. Stephen, 36 Ariz. 235, 284 P. 158. We look, then, to California to determine the ownership of the automobile involved in the accident with which we are concerned. California does not recognize any legal entity separate and distinct from the parties comprising the community, as does the State of Arizona. In California the husband has the entire management and control of community personal property. Security-First Nat. Bank v. Stack, 32 Cal.App.2d 586, 90 P.2d 337; Hulsman v. Ireland, 205 Cal. 345, 270 P. 948; Grolemund v. Cafferata, 17 Cal.2d 679, 111 P.2d 641. In that circumstance, we are of the opinion and hold that the decision of the Arizona Court would be that the case of Donn v. Kunz, supra, is not applicable to the instant case, and that under the "family car doctrine" of Arizona, the husband individually would be liable for the negligent conduct of his wife in driving the family automobile.

In support of "Point II" the defendant-appellant points to the "misconduct and unfair methods of appellees' counsel in inferring before the jury that appellant, F. A. Jones, was a man of substantial means and property or had insurance to protect him in these cases". No reference is given to any place in the transcript to support the claim that plaintiff's counsel inferred before the jury that the defendant was protected by insurance, and we have been unable to find any such inference or anything from which any such inference could be made.

■ As to the claim that it was improper to elicit information from witnesses as to the defendant's wealth, the testimony referred to by the defendant is to the effect that the defendant owned certain properties in Oklahoma. It is a fair reading of the testimony that the questions asked were not directed to the defendant's property interests in Oklahoma, but rather to show the purpose of the defendant's trip. The defendant had testified on direct examination that the purpose of his trip was for pleasure, and the cross examination objected to was to show that the trip was for business and pleasure, in an attempt to establish an agency relationship between the husband and wife. We find no error.

Defendant's Third Point is directed to the following instruction to the jury: "Under the law and evidence in these cases the defendant at the time of the collision between the two cars as well as prior thereto was vested with the management and control of the Buick automobile and was clothed with the right and authority to control its operation and must be held to have consented to the manner in which it was being operated, and the fact that the defendant was asleep at the time of and prior to the accident would not relieve him of responsibility for the operation and control of said automobile. Accordingly, if you find from a preponderance of the evidence that the driver of said Buick automobile negligently operated it at the time of said collision in any one or more of the particulars alleged in the plaintiffs' Second Amended Complaints and that such negligence was the proximate cause of said collision and the death of the deceaseds. your verdict must be in favor of the plaintiffs, unless you further find from a preponderance of the evidence that the driver of the Ford automobile in which the deceaseds were riding was guilty of negligence in one or more of the particulars alleged in the defendant's answers and that such negligence, if any, was the proximate cause of said collision and the death of said deceaseds."

■ The defendant assumes that the quoted instruction is based upon his individual ownership of the car, as contrasted with his right of management and control thereof. We do not agree. The instruction correctly told the jury that under the law of the domicile of the defendant, he had the management and control of the community car, and that in this circumstance he was responsible for the negligent

acts of his wife in driving the automobile with his consent. There was no error here.

Other instructions are complained of in this assignment of error, but they are based upon the same misunderstanding on the part of the defendant, and it would serve no purpose to treat them in detail.

The defendant next specifies as error "The mere fact that wrongful death occurred is not proof decedent would have accumulated an estate or that he might have invested his earnings properly even though gainfully employed." Under this specification of error objection is made to the following instruction of the Court: "If after a consideration of the law as given you by the Court and of the evidence you find that the plaintiffs are entitled to recover it will be necessary for you to assess damages in favor of Mildred Bell Weaver, as administratrix of the estate of Clyde E. Weaver, deceased, and to Josephine Thompson, as administratrix of the estate of Edwin C. Thompson, deceased separately. The amount of damages should be fixed at the amount of the pecuniary loss to the estate of each of those two persons. It is not necessary that any witness should have testified to the amount of such loss, but you should take into consideration the earning capacity, habits, character and probable length of life of the deceaseds in so far as they appear in the evidence and fix the damages at the present value of the probable accumulations by Edwin C. Thompson and Clyde E. Weaver during their lifetime had they lived their allotted time according to the mortality table read in evidence. The amount of damages, if any, should be such as the jury deemed fair and just under the evidence in this case, and should in no event exceed the amount asked for in the complaint."

■ Defendant states in his brief: "Appellant complains of the above instruction as its punctuation and wording assume that Edwin C. Thompson and Clyde E. Weaver would have accumulated worldly goods had they not been killed." It is our opinion and we hold that the test of the measure of damages as given by the Court is correct under Arizona law. City of Phoenix v. Mayfield, 41 Ariz. 537, 551, 20 P.2d 296, 301; Keefe v. Jacobo, 47 Ariz. 162, 54 P. 2d 270; Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 178, 195 P. 538, 44 A.L.R. 881.

■ The defendant requested an instruction, "If you find that the negligence or acts of some other person than the defendant, was the cause proximately causing the accident alleged in plaintiffs' complaints, then your verdict must be for the defendant", and assigns as error the Court's refusal to give the instruction.

There is no evidence in the record indicating that anyone other than the drivers of the two cars were in any way involved in the accident. The Court instructed the jury that they should not find for the plaintiffs if they were negligent and if their negligence contributed to the accident. The Supreme Court of Arizona has held that an instruction not warranted by the evidence should be refused. Mutual Benefit Ass'n v. Neale, 43 Ariz. 532, 33 P.2d 604; Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975.

■ Furthermore, the requested instruction was misleading in that it might have given the jury to understand that the defendant must personally have been driving the car and been negligent in his driving before he could be held liable. It excludes consideration of the family car doctrine of Arizona. There was no error in refusing to give the requested instruction.

■ The defendant urges that it should have been presented to the jury to determine whether the automobile being driven by the defendant's wife was the separate property of the defendant or the community property of the defendant and his wife. In our discussion above we have shown that in the circumstances of this case the judgment in favor of the plaintiffs was proper whether the automobile belonged to the California community or was the husband's individual property.

■ Defendant next states that "It is error to rule upon motions for instructed verdicts in the presence of the jury". The record shows that the Court made the following statement in the presence of the jury: "The record may show the defendant's motion for an instructed verdict is denied. Each side may argue the case for forty-five minutes. Do you wish to note an exception?"

This assignment of error is entirely without merit, as are the remaining points raised by the defendant.

The decisions of the District Court are affirmed.