C. C. WILHITE, Appellant, v. J. N. ARMSTRONG.—43 S. W. (2d) 422.

Court en Banc, November 17, 1931.

*Dubinsky, Duggan & Stein* for appellant.

*Leahy, Saunders & Walther* and *Lyon Anderson* for respondent.

FRANK, J.—Action by appellant, plaintiff below, to recover damages for alleged personal injuries. Verdict and judgment for defendant, and plaintiff appealed.

In our view of the record, a statement of the facts is not necessary to a proper determination of this case. The only complaint on this appeal is that the court erred in giving, on behalf of defendant, instructions numbered 3, 4, 5, 6, 7 and 8. The complaint in the motion for new trial regarding the giving of these instructions is as follows:

"6. Because the court erred in giving and granting at the request of defendant *certain* instructions."

"7. Because the court erred in giving and granting and reading to the jury instructions offered by and on behalf of the defendant and modified by the court."

The specifications in the motion for new trial are not sufficient to authorize a review of any instructions. The rule is that a general assignment of error in a motion for new trial as to the giving and refusal of instructions is good. [Wampler v. Railroad, 269 Mo. 464, 465, 190 S. W. 908; Bobos v. Krey Packing Co., 296 S. W. 157, 159.] But we do not regard the assignments in the instant case as general assignments. The complaint is that the court erred in giving *certain instructions* at the request of defendant. One definition of the word *certain*, as given by Webster is, "Not specifically named; indeterminate, indefinite; one or some." Anyone reading this assignment would at once conclude that it was not a complaint against all the instructions given at the request of defendant. In this situation, the court was entitled to know what particular instructions were criticized, and was not required to review all the instructions, including those not criticized, in order to determine whether or not error was committed in the giving of certain particular instructions against which plaintiff intended to complain but failed to point out in his motion for new trial. If the motion for new trial had alleged generally, as in the Bobos case, supra, that the court erred in giving erroneous instructions at the request of defendant, such a general allegation would have covered any or all instructions given at the request of defendant, and would have been sufficient. But where, as in this case, the alleged error in the giving of instructions is limited to the giving of *certain* instructions, the instructions attempted to be criticized should be sufficiently identified in the motion for new trial so as to point out the alleged error to the trial court. Otherwise the court would be compelled to grope through the record in search of an error which the author of the motion had in mind, but failed to include in the motion, a thing the court is not required to do.

The next assignment in the motion for new trial alleges error in the giving of instructions offered on behalf of defendant and modified by the court. The record does not show that the court modified any instructions given on either side of the case. In this state of the

record it is impossible to determine what instructions this assignment is leveled against. It is therefore insufficient to preserve the alleged error for review.

For the reasons stated, the alleged error in the giving of instructions is not open to review. This being the only error assigned here, the judgment should be affirmed. It is so ordered. *Atwood, C. J., White* and *Gantt, JJ.,* concur; *Ragland, Ellison* and *Henwood, JJ.,* dissent.