## URQUHART v. AMERICAN DYEWOOD CO.

### No. 5640.

Circuit Court of Appeals, Third Circuit.

July 18, 1935.

Wm. A. Gray, of Philadelphia, Pa., for appellant.

Boyd Lee Spahr and Robert Brigham, both of Philadelphia, Pa., and Edwin T. Rice, of New York City (Appleton, Rice & Perrin, of New York City, and Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of Pennsylvania. The appellant brought an action at law against the appellee to recover damages for breach of contract. Thereafter he filed a bill in equity praying for an accounting and for general relief. The equity suit was heard on pleadings and proofs. The District Court entered a decree directing the appellee to render an accounting and to pay to the appellant commissions on all sales, whether made by the appellant, the appellee, or its licensee. No appeal was taken from this decree. The appellee paid in full and the decree was marked satisfied. While the hearing on the equity side was pending, the District Court required the appellant to elect between the law and equity suits, which the appellant refused to do. After the satisfaction of the decree in the equity suit, the District Court entered an order in the action at law directing that it be marked settled, discontinued, and ended; that it be stricken from the trial list; and that the appellant be enjoined from further prosecuting the same. This appeal is from that order.

A court has the power to compel an election if both causes relate to the same subject-matter and seek substantially the same relief. Way v. Bragaw, 16 N. J. Eq. 213, 84 Am. Dec. 147; Story's Eq. P. § 742. This rule is set out in 20 Amer. & Eng. Encyc. Pl. & Pr. 270, as follows: "It is not infrequently the case that a suitor is confronted with a choice of jurisdiction on the same state of facts, and has the right to invoke the aid of either a court of law or a court of equity. If he resorts to both, he will ordinarily be compelled to make his election, adopting one and abandoning the other. This policy is administered usually, if not always, by the court of equity, sometimes on its own motion, but generally on the motion of the defendant."

A detailed comparison of the pleadings in the two actions reveals that they are based upon the same contract, involve the same parties, rely upon the same breach, and are fundamentally for the same damages. In the suit at law, recovery is sought for damages sustained by reason of the appellee's wrongful action in preventing the appellant from fulfilling the terms of the contract and from earning commissions. In the suit in equity, an accounting is sought for the recovery of commissions earned on each and every sale made prior to the expiration date of the contract, whether made by the appellant, the appellee, or its licensee. The appellant's cause of action in either suit is for breach of the contract, and we think that his right to recover damages is dependent upon proof of loss of commissions on sales which had in fact been made and on sales which might have been made, had there been no breach.

The District Court did not err in refusing to allow the appellant to split his cause of action into two separate suits and to recover upon it piecemeal. Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069; Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276.

The order of the court below is affirmed.