## O'REILLY v. CURTIS PUB. CO.
### No. 7233.

District Court, D. Massachusetts.

Feb. 12, 1940.

Dangel & Sherry, of Boston, Mass., for plaintiff.

John L. Hall, Choate, Hall & Stewart, Maxwell E. Foster, Stuart C. Rand, and John M. Hall, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

This case is before the court on defendant's amended answer in abatement.

It has appeared that the plaintiff, a citizen of Rhode Island, brought an action against the Curtis Publishing Company, a Delaware corporation, in which he charges the defendant with the publication in Massachusetts of libelous matter contained in a serial story running in the Saturday Evening Post. A few months later he brought the above entitled action charging the same defendant with the publication, in thirty-eight states other than Massachusetts, of the same matter in the same issue of the Saturday Evening Post. In the second suit punitive, or exemplary, damages are claimed. The recovery of such damages is not permitted in Massachusetts, both under the common law and under the statute. Mass. G.L. (Ter.Ed.) c. 231, sec. 93. In the first action such damages are not claimed. Both actions were brought in the State court and duly removed to this court.

One ground asserted for abating the action is the pendency of the prior action. It is settled law that the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the

later suit. Watson v. Jones, 13 Wall. 679, 20 L.Ed. 666; United States v. Haytian Republic, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930; Shore v. United States, 7 Cir., 282 F. 857.

It is also settled that a defendant has a right to demand of a plaintiff that he present to the court in one action all the grounds upon which he expects a judgment in his favor, unless the grounds are distinct causes of action which would "authorize by itself independent relief, to be presented in a single suit." Stark v. Starr, 94 U.S. 477, 485, 24 L.Ed. 276; Urquhart v. American Dyewood Company, 3 Cir., 78 F.2d 866; Guettel v. United States, 8 Cir., 95 F.2d 229, 231, 118 A.L.R. 1060.

Compare—National Fire Ins. Co. v. Hughes, 189 N.Y. 84, 81 N.E. 562, 12 L. R.A.,N.S., 907; Baltimore Steamship Co. v. Phillips, 273 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

In the case at bar the parties are identical, and while the same libel is charged in both actions the causes of action alleged in the second suit must be deemed separate and distinct from those alleged in the earlier one. The publication in each of the thirty-eight states gives rise to separate causes of action. The defendant's liability for the libel published in each state is governed by the laws of that particular state. For example, the publication in Rhode Island would support a separate action just as the publication in Massachusetts supports the first action if the liability is established.

See—Commonwealth of Massachusetts v. Blanding, 3 Pick., Mass., 304, 311, 15 Am. Dec. 214; 3 Restatement of Torts, § 578, Comment b.

It follows, therefore, that the conditions do not exist in this case which will support an answer in abatement on the ground that a prior suit is pending.

The second ground of abatement seems to be predicated upon the recent decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487, the defendant's contention being that the statutes of Massachusetts prohibit the recovery of punitive damages and that under the decision in the Erie R. Co. case this court is bound to follow the Massachusetts statute in this respect. I fail to see how this case lends support to the defendant's contention. On the contrary it would seem to require this court to follow the laws of the states in which the several causes of action arose.

Defendant's answer in abatement is overruled.