## FAHY v. LLOYD.
### Civil Action No. 2051.

District Court, D. Massachusetts.

Oct. 6, 1944.

Arthur T. Wasserman, Aaron J. Bronstein, and Albert Hurwitz, of the firm of Wasserman, Wasserman, Salter & Zietz, all of Boston, Mass., for plaintiff.

Stuart C. Rand and Bailey Aldrich, of the firm of Choate, Hall & Stewart, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This action is brought to recover damages because of an alleged breach of contract to marry. The following facts appear from the pleadings: The defendant in Massachusetts telephoned to the plaintiff, who was in Nassau, Bahama Islands, and asked the plaintiff to marry him. She over the phone accepted his proposal and agreed to marry him. Subsequently the defendant in Boston phoned to the plaintiff, who at that time was in Connecticut, and in the course of the conversation over the phone expressed his intention not to live up to his contractual promise.

There is now before me the defendant's motion to dismiss this action which is based on two principal grounds: First, that since the contract and the breach occurred in Massachusetts this type of action is not an enforceable contract by view of Massachusetts General Laws (Ter.Ed.) Chapter 207, Section 47A, as added in 1938, and on the further ground that, regardless of where the contract was made, the Federal Courts sitting in Massachusetts and recognizing the declared public policy of the State will not enforce this contract.

Chapter 350 of the Massachusetts Acts of 1938 (G.L.[Ter.Ed.] Chapter 207, Section 47A) provides as follows: "Breach of contract to marry shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor." This plaintiff urges that the above limitation of action is not applicable to this case because the contract to marry was not made in Massachusetts nor did the breach occur in this Commonwealth, and that on the authority of Wawrzin v. Rosenberg, D.C., 12 F.Supp. 548, 550, "one who elects to assert his equitable or common-law rights in a federal court cannot be deprived of them by the statutes of the state in which the federal court happens to exercise jurisdiction at the time." That case was decided in 1935 and would be a strong guide here if it were not for the decisions of the United States Supreme Court in Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, and Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462, and the interim decision of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. The Erie case, supra, laid down the rule that the Federal Court was bound by the substantive law of the State in which it was sitting. The other cases lay down the rule that the Federal Courts are bound by the conflict of laws rule of the State in which the Federal Court is sitting. While there are no decisions of the Supreme Judicial Court of Massachusetts to the effect that the declared public policy on breach of promise to marry cases extends to rights that might have been acquired without the State, I nevertheless think that the wording of the statute would lead to this conclusion. This Court should not be the first to declare that such is not the rule of law.

I accordingly find it unnecessary to make a finding or ruling as to the place where the contract of marriage occurred and will allow the motion to dismiss on the simple ground that the conflict of laws rule to be applied in this Court must be the one prevailing in the Massachusetts State

Courts for otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate State and Federal Courts sitting side by side.