**WALLAN et al. v. RANKIN et al.**

**FIRST NAT. BANK OF PORTLAND v. RANKIN et al.**

**THOMPSON v. RANKIN et al.**

Nos. 11995–11997.

United States Court of Appeals
Ninth Circuit.

March 11, 1949.

Rehearing Denied April 11, 1949.

Gerald Bridges, of Los Angeles, Cal., McCarty, Dickson & Swindells, of Portland, Or., L. Orth Sisemore and John B. Ebinger, both of Klamath Falls, Or., for appellants.

O'Connor & O'Connor, of Los Angeles, Cal., for appellees.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

On February 23, 1947, in the state of Oregon, an aeroplane owned by John Rankin and R. S. Norswing, co-partners doing business under the names of Rankin Aeronautical Academy and Rankin Aviation Industries, and allegedly operated by the said Rankin in furtherance of the partnership business, crashed upon taking off, fatally injuring Rankin and two of his passengers, Lanier Wallan and John Elie, and injuring the third passenger, Milton Thompson.

As an outgrowth of the crash Margie Wallan, as administratrix of the estate of Lanier Wallan, and the First National Bank of Portland, as executor of the last will of John Elie, separately sued in the district court for the southern district of California for the benefit of the respective surviving widow and minor children of the deceased; and the injured Thompson sued in that court in his own behalf. The suits were filed in February of 1948. In each action the defendants are the partnership, R. S. Norswing individually as surviving partner, and Shirley Rankin as executrix of the estate of John Rankin. The complaints al-lege that the accident was caused by Rankin's negligent operation of the plane. General damages are claimed in each case. All plaintiffs are citizens of Oregon and all defendants citizens of California; and the amounts in controversy severally exceed the statutory sum of $3,000.

In each action the defendants moved for a dismissal on the grounds (1) failure of the complaint to state a claim upon which relief may be granted, (2) lack of capacity in the plaintiff to sue, (3) lack of capacity in the defendants to be sued, and (4) lack of jurisdiction of the subject matter. The motions were granted and judgments of dismissal entered.

Concretely, the arguments in support of the judgments resolve themselves into two propositions: first, that in the state of the forum (California) causes of action for personal injury or wrongful death abate upon the death of the tortfeasor (in the present instance, Rankin); second, that the Oregon executor and administratrix, suing here without obtaining ancillary letters, have no standing as suitors in the local courts. These are conflict of law questions. In deciding them a federal court is bound to apply the conflict of law rules obtaining in the state in which the court sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

1. In California, conformably with the general rule, it is held that an action in tort is governed by the law of the jurisdiction where the tort was committed, and the action being transitory it may be maintained in any jurisdiction where the defendant is found. Loranger v. Nadeau, 215 Cal. 362, 10 P.2d 63, 84 A.L.R. 1264; Ryan v. North Alaska Salmon Co., 153 Cal. 438, 95 P. 862. The local courts will enforce the foreign law if not contrary to the public policy of the forum, to abstract justice or pure morals, or injurious to the public welfare. Loranger v. Nadeau, supra; McManus v. Red Salmon Canning Co., 37 Cal. App. 133, 173 P. 1112.

We turn to the Oregon law defining the substantive rights and liabilities of the parties. The statutes of that state provide an action for wrongful death maintain-

able by the personal representative of the deceased for the benefit of the surviving spouse and dependents of the deceased. § 8-903, Oregon Compiled Laws Annotated.[1] The construction given this statute by the Oregon courts is that if any of the statutory beneficiaries are in existence, there is no right of action for death by wrongful act for the benefit of the estate, the only recovery being for the named beneficiaries. Hansen v. Hayes, 175 Or. 358, 376, 154 P.2d 202; Natwick v. Moyer, 177 Or. 486, 496, 163 P.2d 936. Causes of action arising out of injury to or the death of a person, caused by the wrongful act or neglect of another, do not abate upon the death of the wrongdoer; and the injured person or the personal representative of one meeting death has a cause of action against the personal representatives of the wrongdoer. § 8-904, O.C.L.A.[2] In respect of a partnership, the statutes provide that where by any negligence of a partner, acting in the course of the business of the partnership, loss or injury is caused to any person other than a partner, the partnership is liable to the same extent as the partner so acting; and all partners are liable jointly and severally for such wrongful act. §§ 79-305, 79-307, O.C.L.A. A partnership is not terminated by dissolution through death of a partner, but continues until the partnership affairs are fully wound up. §§ 79-602, 79-603, O.C.L.A. And the dissolution of the partnership does not of itself discharge the existing liability of any partner. § 79-608.[3]

Such being the condition of the Oregon law it follows that had these suits been brought in Oregon the plaintiff in each would be possessed of a cause of action maintainable against all the defendants. We have to inquire whether the enforcement of the causes runs counter to the public policy of the forum, or to principles of abstract justice or good morals obtaining there. We are not able to find that it does.

California has a wrongful death statute, Code Civ.Proc. § 377, providing that the heirs or personal representatives of a deceased person may maintain an action for damages against the person wrongfully causing the death. In such action damages may be awarded as under all the circumstances of the case may be just. This statute, so it has been held, modifies the common law to the extent of giving a right of action for damages to the decedent's heirs only, or to his personal representative for their benefit. Ruiz v. Santa Barbara, etc., Co., 164 Cal. 188, 191, 128 P. 330.[4] To that extent, clearly, the public policy of the forum is in harmony with the Oregon law as invoked here. The statute does not, however, abrogate the common law rule relative to the abatement of a cause of action for injury to or the death of a person upon the death of the wrongdoer, Clark v. Goodwin, 170 Cal. 527, 150 P. 357, L.R.A.1916A, 1142; and it is largely upon the holding to that effect in the decision cited that the defendants take their stand.

Appeals to Clark v. Goodwin are unavailing. In the more recent case of Hunt v. Authier, 1946, 28 Cal.2d 288, 169 P.2d 913, 916, 171 A.L.R. 1379, the Supreme Court of

---

[1] "§ 8-903. Action by personal representative for wrongful death: Limitations: Amount recoverable. When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former for the benefit of the widow or widower and dependents and in case there is no widow or widower, or surviving dependents, then for the benefit of the estate of the deceased may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the the death, and damages therein shall not exceed $10,000."

[2] In actions arising under § 8-904, as under § 8-903, the damages recoverable may not exceed $10,000.

[3] The several cited provisions are contained in the Uniform Partnership Act, in force in Oregon.

[4] In Ruiz v. Santa Barbara Co., the court said, (164 Cal. page 191), 128 P. page 332: "It is settled by the decisions that an action of the character authorized by section 377 of the Code of Civil Procedure is one solely for the benefit of the heirs, by which they may be compensated for the pecuniary injury suffered by them by reason of the loss of their relative, * * * *".

the state reached the conclusion that another statute, namely § 574 of the Probate Code as amended in 1931, effected at least a partial survival of a cause of action for wrongful death, maintainable against the personal representative of the deceased wrongdoer. In that case a Dr. Hunt was murdered by one Mounsey, who thereafter committed suicide. Hunt's widow and minor children sued Mounsey's personal representative for a sum alleged to be the pecuniary loss of and damage to the property and estate of the plaintiffs growing out of Hunt's death. A judgment dismissing the suit was reversed on the view that the complaint stated a cause for recovery. The court noted a trend in the American decisions toward enlargement of the causes or rights of action which will survive death. It said that while the amended statute does not use express words of survival, nevertheless it affords the right to maintain actions after the death of those who could have been plaintiffs or defendants if they had lived, in cases of injury to all species of property rights, and to that extent marks a departure from the common law rule that actions ex delicto do not survive. "The fact," said the court, "that the complaint states facts which would have constituted a cause of action against the tortfeasor in his lifetime does not foreclose the maintenance of the same or a similar cause of action to the extent authorized by section 574." The permissible recovery under that section was held to comprehend the material losses sustained by the plaintiffs, including the present value of future support from their decedent during their normal life expectancies. Non-pecuniary deprivation, such as loss of consortium, alone seems to be excluded.

In Nash v. Wright, 1947, 82 Cal.App.2d 475, 186 P.2d 691, 692, which had been begun as an ordinary action for wrongful death under § 377 of the Code of Civil Procedure, the tort-feasor died during the progress of the litigation and his personal representative was substituted as a party defendant over defense objection. The appellate court upheld the substitution on the authority of Hunt v. Authier, supra, saying that it was able to find "no substantial difference between the nature of the action brought by the Hunt heirs and that instituted by the respondents." And in Moffatt v. Smith, 1948, Cal.App., 197 P.2d 798, the doctrine of Hunt v. Authier was further extended to embrace a right of recovery on the part of the surviving victim himself as against the personal representative of the deceased tort-feasor.

■ Where in the forum as well as in the jurisdiction where the tort occurred a right of recovery for such a tort exists it is notable that differences between the foreign law and that of the forum, even though of major consequence, are not thought an impediment to enforcement. Thus in Loranger v. Nadeau, supra, the California court applied the Oklahoma law permitting recovery by a guest passenger of damages for personal injury on proof of ordinary negligence on the part of the driver, notwithstanding the California statute permitted recovery in such cases only on proof of gross negligence. The court observed that the liability of a host to his guests for negligent injuries existed in both states, and enforcement of the Oklahoma law was not thought to do violence to any fundamental principle, public policy, or good morals of the forum.[5]

This line of cases demonstrates, we think, that the present causes of action would survive at least in major part in California and that their maintenance there does not offend any fundamental policy of the state. As regards the subsisting liability of the partnership and of the surviving partner, no more need be said than that in respects here important the law of California is

---

[5] Two cases, Thorne v. Macken, 58 Cal. App.2d 76, 136 P.2d 116, and Hudson v. Von Hamm, 85 Cal.App. 323, 259 P. 374, are called to our attention illustrative of the other side of the picture. The first of these cases was a suit by an Oregon resident to recover for alienation of affection occurring in Oregon. The court declined enforcement for the reason that a positive law of the forum forbids the prosecution of an action for such a tort. In the Von Hamm case the suit was for damages for a tort committed in Hawaii by the defendant's minor child. Enforcement was refused as against the parent on the ground that in California a parent is not liable, without more, for the tort of his child.

identical with that of Oregon. Consult California Civil Code, §§ 2407, 2409, 2424, 2425, 2430.

2. It remains to inquire whether the Oregon administratrix and executor are entitled to maintain their suits in California.[6] They are not, we repeat, seeking to recover on behalf of their estates but for the benefit only of the respective widows and children of their decedents. As plaintiffs they occupy the status of statutory trustees of the type empowered to sue under § 377 of the California Code of Civil Procedure in actions for wrongful death, as indicated in Ruiz v. Santa Barbara, etc., Co., supra, 164 Cal. pages 191, 192, 128 P. 330. It is clear, therefore, that the real parties in interest are the widows and dependents, since under Oregon law any amount recovered accrues to them personally free from any possible claims of creditors.

It is, of course, the universal rule, true in California as elsewhere, that in the ordinary situation a suit by a foreign executor or administrator may not be maintained without ancillary appointment in the state of the forum. Code of Civil Procedure, § 1913. The reasons for this practice are too familiar to warrant elaboration here. Cf. Ghilain v. Couture, 84 N.H. 48, 146 A. 395, 65 A.L.R. 553, and annotation. Whether suits such as the present constitute an exception to the rule is a question to which the California authorities give no precise answer. In at least two cases, however, the courts of that state have departed from the rule in exceptional circumstances. Cf. In re Estate of Rawitzer, 175 Cal. 585, 166 P. 581; Fox v. Tay, 89 Cal. 339, 24 P. 855, 26 P. 897, 23 Am.St.Rep. 474.

Considering the generally liberal spirit of the California decisions there can be little doubt that as a matter of comity the courts of that state would entertain a suit by a foreign administrator or executor seeking recovery, as here, in the special statutory capacity of a trustee for the benefit solely of the dependants of his decedent. Many and persuasive authorities approve such a principle. See Ghilian v. Couture, supra; Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318; Wierner, Administrator, v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673, and cases there cited.

We conclude that the court was wrong in dismissing the suits, and the judgments in all cases are reversed.

---

6 The capacity of Thompson to sue is governed by the law of his domicile. Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. There is no claim that he lacked capacity to sue in Oregon. Thompson's right to recover from the defendants in his own behalf appears settled by the holding in Moffatt v. Smith, supra.