[Civ. No. 18613.   Second Dist., Div. Three.   Jan. 4, 1952.]

JAMES MONROE JEFFERSON, Appellant, v. CHRONICLE PUBLISHING COMPANY (a Corporation), Respondent.

Clyde Thomas for Appellant.

Cooper, White & Cooper, Sheldon G. Cooper and Robert M. Raymer for Respondent.

VALLÉE, J.—Plaintiff sued defendant, a newspaper publisher, for libel. He did not allege that he had suffered special damage, and admittedly could not cure the omission by amendment. The court sustained defendant's demurrer to the complaint without leave to amend on the specific ground it was not alleged that a correction had been demanded as required by section 48a of the Civil Code. Plaintiff appealed from the judgment which followed.

Plaintiff contends section 48a of the Civil Code is violative of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

The point has been settled contrary to plaintiff's contention. Irrespective of our view as to the constitutionality of section 48a, we are bound to follow the decision of the Supreme Court in *Werner* v. *Southern Cal. etc. Associated Newspapers,* 35 Cal.2d 121 [216 P.2d 825, 13 A.L.R.2d 252]. In the Werner case it was held that section 48a is not invalid under either the due process clause or the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

As this point was the only one considered by the trial judge, and as it is decisive of the appeal, it is unnecessary to consider other points made by respondent in support of its contention that the complaint does not state facts sufficient to constitute a cause of action. (*Duncan* v. *Ledig,* 90 Cal.App. 2d 7, 14 [202 P.2d 107]; *Estate of White,* 69 Cal.App.2d 749, 759 [160 P.2d 204]; *Carter* v. *Blenkiron,* 46 Cal.App. 425, 429 [189 P. 305].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 3, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted, and the following opinion was then filed:

SCHAUER, J.—As pointed out in my dissent in *Pridonoff* v. *Balokovich* (1951), 36 Cal.2d 788, 798 [228 P.2d 6], the United States Supreme Court has not yet passed on the validity of section 48a of the Civil Code of California.

The question was raised in *Werner* v. *Southern Cal. etc. Newspapers* (1950), 35 Cal.2d 121 [216 P.2d 825, 13 A.L.R.2d 252], but after an appeal to the United States Supreme Court was filed (19 U.S. Law Week 3074) and probable jurisdiction noted (19 U.S. Law Week, Nov. 14, 1950, Index, p. 20) the cause was dismissed in the United States Supreme Court on motion of the plaintiff, presumptively for a consideration paid by the defendants.

My views as to the invalidity of section 48a are expressed in the dissents of Justice Carter and myself as reported in *Werner* v. *Southern Cal. etc. Newspapers* (1950), *supra*, 35 Cal.2d 121, 137, 150, and in *Pridonoff* v. *Balokovich* (1951), *supra*, 36 Cal.2d 788, 793, 798.

For the reasons therein stated I would grant a hearing and reconsider the questions raised.

Carter, J., concurred.