**Marion Edward JACKSON, Plaintiff-Appellant,**

v.

**John Thomas RICKETTS, Defendant-Respondent.**

**No. 7397.**

Springfield Court of Appeals.
Missouri.

March 1, 1956.

McClintock & Medley, Flat River, for appellant.

Roberts & Roberts, Farmington, for respondent.

RUARK, Judge.

An automobile collision case having been tried to a dogfall and the jury having found against both petition and counterclaim, the plaintiff has appealed.

The sole assignment is in reference to the giving of defendant's instruction number 6, which is as follows:

"The Court instructs the jury that if you so find and believe from the evidence that on the 28th day of June, 1952, John Thomas Ricketts, defendant, was driving his automobile in a northerly direction along and over Highway 21 in Washington County, Missouri, and exercising the highest degree of care in the operation thereof; and that at the time and place Marion Edward Jackson, plaintiff, was driving his automobile in a southerly direction along and over Highway 21 in Washington County, Missouri; and that as the plaintiff approached the defendant from the opposite direction that the plaintiff was driving on the East half of Highway 21, that is on the part of the highway used by northbound

vehicular traffic, and driving in the path of and toward the automobile being driven by the defendant, if you so find and believe; and that the car being driven by the plaintiff threatened to collide with the automobile being driven by the defendant and thereby injure defendant and others riding in defendant's automobile, if you so find; and if you further find from the evidence that the defendant had reasonable cause to apprehend peril and danger to himself and that the appearance of danger was imminent, leaving no time for defendant to deliberate; and that the defendant attempted to swerve from the path of the plaintiff's approaching automobile by turning his automobile to the left, or onto the west side of said highway, if you so find; and if you further find that the presence of plaintiff's automobile on the East side, or the northbound vehicular traffic side, of the highway caused the defendant to turn to the left and onto the west side of the highway in an effort to avoid a collision, and that the plaintiff also turned to his right and onto the West side of the highway and a collision thereupon occurred; and if you further find that plaintiff, in driving on the East side, or in the northbound vehicular traffic side of said highway while traveling South, if you do so find; failed to exercise the highest degree of care in the operation of his automobile and was negligent, and that said negligence, if any, caused, or contributed to cause the collision and plaintiff's injuries and damages, then you are instructed that the plaintiff Marion Edward Jackson was guilty of contributory negligence and is not entitled to recover, and your verdict will be for the defendant on plaintiff's petition, and this is true even though you may find that the defendant was negligent under other instruction herein."

As a counter to this there was given on behalf of plaintiff instruction number 4, which twice referred to number 6 by number, told the jury that on the issue of contributory negligence if plaintiff used the care of a careful and prudent person he could not be adjudged guilty of such, and that the burden was on defendant to prove the contributory negligence hypothesized in said instruction number 6.

Instruction number 5 was defendant's verdict-directing instruction on his counterclaim. To a large extent it contained the same hypothesization which is set forth in defendant's instruction 6 above.

At the outset respondent contends that plaintiff's assignment may not be considered because not made the subject of complaint in his motion for new trial. This came about as follows: In paragraph 4 of his motion plaintiff complained of the giving of *instruction number 4* on the ground that it was "confusing and improperly drawn." In setting forth his reasons he stated, inter alia, that the instruction (so complained of) concluded with the words "this is true even though you may find and believe that the defendant was negligent under other instruction herein." Actually defendant's number 6 (the instruction complained of in the assignment here) was the only instruction which concluded with such expression.

In paragraph 5 of his motion plaintiff complained of the giving of defendant's instructions 4 and 5 because they did not require finding that defendant, in turning to the left, exercised the care which a very careful and prudent person would have used under similar circumstances.

Thus it is obvious that plaintiff, by the designation in his motion, had inadvertently transposed the figure 6 into the figure 4, but we think such misdesignation could not have misled either court or counsel. A very casual comparison of the instructions with the motion would show that number 4 was *plaintiff's* instruction and that it referred specifically to the defense of contributory negligence set out in defendant's number 6, which was defendant's only contributory negligence instruction, and a casual glance would also show that number 6 was the *only* instruction which concluded with the words quoted.

 Of course the appealing party must, in his motion to the court below, specify and point out the instructions he complains of before they can be considered on appeal. Section 512.160 RSMo 1949, V.A.M.S.; 42 V.A.M.S. Supreme Court Rules, rule 3.23. This is necessary not only so that the trial court may be apprized of his error, if any, and have opportunity to correct it, but also, we think, so that opposing counsel may be informed. Any motion which fails to reasonably designate the error complained of does not preserve the error. A court is not required to grope through the record in search of the error or in order to ascertain what the author of the motion really meant. Wilhite v. Armstrong, 328 Mo. 1064, 43 S.W.2d 422. But here the inadvertence in numbering was obvious upon a reading of the parts referred to and was self-revealing. No one could have been misled, and we have no doubt that the trial court did understand the complaint made and ruled against it. The rules must be complied with, but we will not become so absorbed with a fly speck on the frame that we will refuse to look at the picture. This has been the attitude of the Missouri courts. See Shinn v. United Rys. Co. of St. Louis, 248 Mo. 173, 154 S.W. 103, 105, and Harris v. Hughes, Mo.App., 266 S.W.2d 763, 768. We overrule defendant's contention and consider the assignment.

 As to the complaint that defendant failed to hypothesize his own care in turning to the left; this was a contributory negligence instruction interposing such defense against the plaintiff's petition. It did not seek to direct a verdict on defendant's counterclaim. Nor can it be contended that the failure to hypothesize defendant's exercise of care aided him in his counterclaim, for the verdict was against the defendant on such counterclaim. See Cook v. Harrington, Mo.App., 54 S.W.2d 436, 439. Such being the case (the instruction operating only as asserting a defense to plaintiff's petition), it is immaterial whether the defendant used a high degree of care, the care of an ordinary prudent person under the circumstances, or any care. If plaintiff

was guilty of contributory negligence the defendant was entitled to a verdict on plaintiff's petition. It is true that the instruction required more care of defendant than was necessary to this defense, but this only imposed an additional burden upon the defendant, and plaintiff cannot complain on that account. See Cacioppo v. Kansas City Public Service Co., Mo.App., 234 S.W.2d 799, and Grubbs v. Kansas City Public Service Co., 329 Mo. 390, 45 S.W.2d 71, 79.

 As to whether the instruction was confusing and misleading; we think a fair reading of it expressed the idea that if, prior to the time the emergency arose, defendant was in the exercise of the highest degree of care, and if plaintiff drove his car across on defendant's side of the road and "threatened to collide with the defendant" and was negligent in so doing, and if the defendant, after he had gotten into position of apprehension of imminent peril, attempted to swerve to the left to avoid the collision, and that plaintiff then swerved back to his own side of the road and the collision occurred, and if plaintiff was negligent in the operation of his automobile and such negligence caused or contributed to cause the collision, then plaintiff was guilty of contributory negligence and is not entitled to recover on his petition, "and this is true even though you may find and believe defendant was negligent under other instruction herein." The test of an instruction is how it would be understood by the average man on the jury. Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541. And it must be read as an entirety and not judged by separate statements or phrases taken out of context. McDill v. Terminal R. R. Ass'n of St. Louis, Mo.Sup., 268 S.W.2d 823, 828. We do not see how this instruction (which hypothesized with more particularity and which required the defendant to have been in the exercise of more care than is required) could have misled the jury to the disadvantage of the plaintiff on the recovery sought by his petition. The burden is upon the one who asserts prejudice by an instruction to point out how he has been injured. Nibler v. Coltrane, Mo.Sup., 275 S.W.2d 270, 277; State ex

rel. Chicago, R. I. & P. R. Co. v. Shain, 338 Mo. 217, 89 S.W.2d 654. And while we cannot recommend the instruction as a model for the submission of contributory negligence, we find no injury to the plaintiff, and for that reason the judgment should be and is affirmed.

McDOWELL, P. J., and STONE, J., concur.